**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

_____

PEDRO URENA,

       Plaintiff,     Civil Action No.: 1:25-cv-00256

vs.

                 **JURY TRIAL DEMANDED**

PAYPAL, INC.

       Defendant.

_____

## **COMPLAINT**

  1. This Complaint concerns a series of fraudulent transactions made from the deposit account Mr. Pedro Urena ("Plaintiff") maintained with PayPal, Inc. ("Defendant" or "PayPal"). Defendant, despite adequate notice and sufficient information provided by Plaintiff, refused to conduct a good faith investigation and reimburse Plaintiff for the financial loss he had suffered due to these unauthorized and fraudulent transactions.

  2. Defendant's failure to conduct a good faith investigation left Plaintiff responsible for approximately $791.00 worth of charges as a result of the unauthorized transactions made on his PayPal account. As a result of Defendant's failure to comply with its statutory obligations, Plaintiff was wrongly made liable for the unauthorized withdrawals.

  3. Plaintiff therefore seeks, pursuant to federal law, his actual damages, statutory damages, and treble damages for Defendant's failure to conduct a good faith investigation of his claims, and reasonable attorneys' fees and costs, for violations of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et seq*.

**Parties, Jurisdiction, and Venue**

4. Plaintiff Pedro Urena is an individual residing in the Bronx, New York.

5. Defendant PayPal, Inc. ("Defendant" or "PayPal") is a financial services company headquartered in San Jose, California, and does business across the country, including within this District.

6. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**The Electronic Fund Transfer Act**

8. The Electronic Fund Transfer Act (the "EFTA"), 15 U.S.C. § 1693 *et seq.*, governs the rights, obligations, and liabilities of consumers and financial institutions in transactions involving an electronic funds transfer. It also provides a framework for the investigation and resolution of stemming from issues with transfers of electronic funds. Regulation E (Reg. E) is the set of federal regulations promulgated to carry out the purposes of the EFTA. 12 C.F.R. § 1005 *et seq.*

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1693a(6).

10. Defendant is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9) and 12 C.F.R. § 1005.2(i).

11. An electronic funds transfer is "any transfer of funds…which is initiated through an electronic terminal, telephonic instrument, or computer or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account." 15 U.S.C. § 1693a(7).

12. The EFTA provides consumers with a remedy if they fall victim to unauthorized and/or fraudulent electric fund transfers. An unauthorized electronic fund transfer constitutes an

"error" under the EFTA. 15 U.S.C. § 1693f(f)(1). If a financial institution receives notice of such an error, the financial institution must follow specific procedures to investigate and resolve this claim of error. *See* 15 U.S.C. § 1693f(a)-(d).

13. Theses error resolution procedures require that a financial institution "investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days." 15 U.S.C. § 1693f(a)(3).

14. If a financial institution denies a consumer's claim of error, it must explain its findings within three (3) business days of its decision and, upon the consumer's request, provide the consumer with copies of the documents it relied upon in its investigation to conclude that an error did not occur. 15 U.S.C. § 1693f(d).

15. If the consumer is to be made liable for a purportedly unauthorized electronic funds transfer, the burden of proof is upon the financial institution to show that the electronic funds transfer was authorized or, if it was unauthorized, why the consumer should be liable for the transaction(s). 15 U.S.C. § 1693g(b).

16. If a financial institution violates the EFTA, a consumer may recover actual and statutory damages (in the amount of $100 to $1000) and reasonable attorneys' fees and costs. 15 U.S.C. § 1693m(a)(1)-(3).

17. A court may also award treble damages if it finds that a financial institution did not make a good faith investigation of an alleged error, did not have a reasonable basis for concluding there was no error, or "knowingly and willfully" concluded that there was no error when that determination could not have been reasonably drawn from the evidence provided. 15 U.S.C. § 1693f(e).

## FACTS

### Plaintiff Loses His PayPal Debit Card in January 2024

18. In or about early January 2024, Plaintiff's wallet was either lost or stolen. The contents of his wallet included his PayPal debit card.

19. Shortly thereafter, an unknown individual completed a series of transactions using Plaintiff's PayPal debit card.

20. On or about January 11, 2024, and January 12, 2024, this individual made two unauthorized transactions totaling $405.50 and $385.50, respectively, from Plaintiff's PayPal account using his PayPal debit card.

21. These withdrawals were made using a CitiBank ATM, an ATM provider Plaintiff did not typically use.

### Plaintiff Discovers and Disputes the Unauthorized Transactions in January 2024

22. On or about January 11, 2024, Plaintiff was informed by his brother that he had sent funds to Plaintiff's PayPal account to be used to help pay for their parents' medical care.

23. On or about January 12, 2024, in order to confirm receipt of those funds, Plaintiff reviewed his PayPal account and discovered the two unauthorized transactions.

24. On or about January 12, 2024, upon realizing the loss of his PayPal debit card and discovery of the unauthorized transactions, Plaintiff called PayPal to cancel his debit card and dispute those transactions.

### PayPal Holds Plaintiff Responsible for the Unauthorized Transactions in January 2024

25. A few days later, Plaintiff received two separate notifications from PayPal denying his dispute of the unauthorized transactions.

26. On or about January 15, 2024, Plaintiff received an email with the subject line of "Your PayPal case: PP-R-GMO-511761220 case denied."

27. That email informed Plaintiff that PayPal was denying Plaintiff's dispute of the unauthorized $403.00 transaction made on January 11, 2024.

28. That email stated PayPal was denying Plaintiff's dispute for the following reason(s):

> There were consistent logins to the account during the same time frame that the disputed transaction took place. Funds were available in the account before the disputed transaction took place. The amount of funds used indicates that the transaction was completed with knowledge of the account balance and activity.

29. On or about January 16, 2024, Plaintiff received an email with the subject line of "Your PayPal case: PP-R-XSQ-511761219 case denied."

30. That email informed Plaintiff that PayPal was denying Plaintiff's dispute of the unauthorized $383.00 transaction made on January 12, 2024.

31. That email stated PayPal was denying Plaintiff's dispute for the following reason(s):

> ICC code read transaction, authentication method PIN, customer must be present in order to participate in the event, in person transactions must be resolved with the merchant at the moment of purchase, processed correctly.

32. PayPal's response to each dispute, respectively, fails to provide a reasonable basis for denying Plaintiff's disputes as they primarily reiterate what Plaintiff already knew, that an unknown individual used his PayPal debit card to make unauthorized withdrawals from an ATM.

33. On or about January 16, 2024, Plaintiff also received notification that even though PayPal had found the transactions to be authorized and was denying his disputes of the same, PayPal would be issuing him a new debit card.

5

34. Plaintiff was shocked, frustrated, and dismayed by PayPal's decision, informing him that he was being held responsible for nearly $800.00 in transactions he did not make or authorize.

35. The basis for Defendant refusing Plaintiff's disputes of these unauthorized transactions is deficient, fails to justify Defendant's refusal to reimburse Plaintiff for the loss he suffered, and indicate Defendant's lack of good faith investigation into Plaintiff's claim of error.

36. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered actual damages, including, but not limited to, out of pocket financial loss as a result of being held liable for financial transactions he did not authorize, and the mental and emotional pain, anguish, humiliation, frustration and embarrassment of not having his claim of error taken seriously and investigated thoroughly.

## CLAIMS FOR RELIEF
### FIRST CLAIM FOR RELIEF
**Violation of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et seq.***

37. Plaintiff realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

38. This case arises under the Electronic Fund Transfer Act (EFTA) and Regulation E because it relates to fraudulent and unauthorized electronic fund transfers made from Plaintiff's checking account held by Defendant.

39. Defendant failed to limit Plaintiff's liability for the fraudulent and unauthorized electronic funds transfers.

40. Defendant failed to perform a good faith investigation of Plaintiff's claim of unauthorized electronic funds transfers.

41. Defendant failed to provide Plaintiff with copies of documentation that Defendant

relied on to reach its determination that there was no error on Plaintiff's account.

42. Defendant failed to meet its burden of proof that the transactions in Plaintiff's claim of error were authorized by him.

43. The above actions are in violation of 15 U.S.C. §§ 1693f and 1693g and 12 C.F.R. §§ 1005.6 and 1005.11.

44. Plaintiff has been harmed by Defendant's violations of the EFTA and Regulation E.

45. As a result of Defendant's conduct, action, and inaction, Plaintiff suffered actual damages, including, but not limited to, out of pocket financial loss as a result of being held liable for financial transactions he did not authorize, the mental and emotional pain, anguish, humiliation, frustration and embarrassment of not having his claim of error taken seriously and investigated thoroughly.

46. Plaintiff is entitled to recover actual damages, plus an additional sum of between $100 to $1000, the costs of the action, and reasonable attorneys' fees. 15 U.S.C. § 1693m.

47. Plaintiff is also entitled to recover treble damages under 15 U.S.C. § 1693f(e)(1), because Defendant failed to conduct a good faith investigation into Plaintiff's claim of error and/or did not have a reasonable basis for believing the transactions originating from his account were not in error.

48. In the alternative, Defendant knowingly and willfully concluded that Plaintiff's account was not in error when the available evidence could not reasonably support that conclusion, making it liable for treble damages under 15 U.S.C. § 1693f(e)(2).

## **PRAYER FOR RELIEF**

Plaintiff requests the following relief:

a) Determining that Defendant, violated the EFTA;

b) Awarding actual damages and statutory damages provided by the EFTA;

c) Awarding reasonable attorneys' fees and costs as provided by the EFTA;

d) Awarding treble damages as provided by the EFTA; and

e) Granting further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

49. Plaintiff demands a trial by jury.

Respectfully submitted,

Dated: January 10, 2025

*/s/ Zachary M. Vaughan*
Zachary M. Vaughan, NY Bar No. 4993283
**BERGER MONTAGUE PC**
1001 G Street NW, Suite 400 East
Washington, D.C. 20001
Tel: (202) 559-9740
zvaughan@bm.net

Bryan L. Plaster, MN Bar No. 0402792*
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
Telephone: (651) 728-5423
Fax: (612) 584-4470
Email: bplaster@bm.net
*Pro Hac Vice Forthcoming*

*ATTORNEYS FOR PLAINTIFF*